_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:25-cv-05376-FWS-AGR | Date: June 18, 2025 |
| Title: Leonel Navarrete Hernandez v. Todd Lyons *et al.* | |

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AS TO STAY OF REMOVAL AND RELEASE FROM DETENTION [4]**

Petitioner Leonel Navarrete Hernandez's ("Petitioner") brings this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 against Respondents Todd Lyons, the Acting Director of U.S. Immigration and Customs Enforcement ("ICE") and Ernesto Santacruz Jr., ICE's Enforcement and Removal Operations ("ERO") Los Angeles Acting Field Office Director (together, "Respondents," or sometimes referred to in this order as the "government"). (Dkt. 1 ("Petition" or "Pet.").)  Before the court is Petitioner's Application for Temporary Restraining Order as to Stay of Removal and Release from Detention. (Dkt. 4 ("Application" or "App.").)  The government opposes the Application. (Dkt. 13 ("Opposition" or "Opp.").)  Petitioner filed a reply in support of the Application. (Dkt. 15 ("Reply").)  The court held a hearing on the Application on June 18, 2025. (Dkt. 16.)  Based on the state of the record, as applied to the applicable law, the Application is **GRANTED.**

**I.    Background**

Petitioner "is a native and citizen of El Salvador." (Dkt. 4-2, Ex. B ("IJ Decision") at 1; (Dkt. 13-1 (Declaration of Johana L. Jimenez, "Jimenez Decl.") ¶ 3.)  After "suffer[ing] extensive harm" and "torture inflicted by the police in El Salvador" including being "falsely arrested" and "beat[en] . . . on multiple occasions," including in one instance beaten "until he

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:25-cv-05376-FWS-AGR                                    Date: June 18, 2025
Title: Leonel Navarrete Hernandez v. Todd Lyons *et al.*

vomited blood, resulting in a cut on his head that scarred, and a fractured finger," Petitioner "fled to the United States in 2009 when he was approximately twenty-five years old." (IJ Decision at 2-3, 5, 8.) Petitioner "was not a gang member in El Salvador and did not commit any crimes there." (*Id.* at 3.)

"On November 22, 2022, ERO Los Angeles officers arrested Petitioner pursuant to a targeted enforcement operation in Los Angeles, CA." (Jimenez Decl. ¶ 6.) The Department of Homeland Security ("DHS") issued a Notice to Appear, and "[b]ased on [Petitioner's] admissions and concession, the [Immigration] Court sustained the charge of removability and directed El Salvador as the country of removal should removal become necessary on September 14, 2023." (IJ Decision at 1; *see* Jimenez Decl. ¶ 6.)

"On January 9, 2023, the Immigration Judge [('IJ')] granted Petitioner a bond in the amount of $10,000." (Jimenez Decl. ¶ 7.) "On January 11, 2023, Petitioner posted bond and was released from ICE custody." (*Id.* ¶ 8.) Since that date, Petitioner has complied with the terms and conditions of his release. (*See id.* ¶¶ 7-8.)

"On January 4, 2024, [Petitioner] filed a Form I-589 Application for Asylum and Withholding of Removal ('Form I-589'), seeking asylum, withholding of removal, and protection under the [Convention Against Torture]" ("CAT"). (*Id.* at 22-23.) On May 19, 2025, the IJ ruled on Petitioner's application. (*See generally* IJ Decision.) The IJ determined that Petitioner was not eligible for asylum because his "application for asylum was untimely filed" and "was not filed within a reasonable period after becoming aware of [] changed circumstances." (*Id.* at 3-4; *see id.* at 12.) The IJ further determined that Petitioner was not eligible for withholding of removal because Petitioner "failed to show that his proposed [Particular Social Groups] are cognizable or that his past harm was because of a protected ground." (*Id.* at 5-9; *see id.* at 13.) However, the IJ determined that "it is more likely than not that Respondent will be detained and tortured in El Salvador," and therefore granted Petitioner protection against removal to El Salvador under the CAT. (IJ Decision at 8-13.)

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:25-cv-05376-FWS-AGR     Date: June 18, 2025
Title: Leonel Navarrete Hernandez v. Todd Lyons *et al.*

"On June 12, 2025, ICE filed a notice of appeal of the IJ's decision with the Board of Immigration Appeals." (Pet. ¶¶ 4, 15; Dkt. 4-2, Ex. C.)[1] That same day, Petitioner attended a regular Intensive Supervision Appearance Program ("ISAP") "check-in in Los Angeles, CA and was arrested and detained by ICE." (Pet. ¶ 5; *see* Dkt. 4-2, Ex. D (Declaration of Evelyn Marcela Palacios Flores, "Flores Decl.") ¶ 2.) According to the government, Petitioner was taken "into custody pursuant to Immigration and Nationality Act section 236(b)." (Jimenez Decl. ¶ 10.)

On Friday, June 13, 2025, Petitioner filed this case, a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2441, alleging that Petitioner's detention violates his Fourth Amendment right against unreasonable seizure, his Fifth Amendment right to due process, and the Administrative Procedure Act ("APA"). (Pet. ¶¶ 19-30.) Concurrent with the filing of the case, Petitioner filed the Application. (App.) At the time the Application was filed, the information available on ICE's website indicated he was detained at an ICE facility in Santa Ana, California. (*See* Dkt. 4-2, Ex. E.)

Petitioner's partner, with whom he has three children, filed a declaration in support of the Application representing the following:

> 3.  Leonel called me and told me that he was arrested. He said immigration officers went up to him at his ISAP check-in and told him he was under arrest. Leonel said he asked the officers why and informed them he had an order from the judge. The officers said something like "judges' orders don't matter, only the president."
> 4.  Leonel told me that he told the officers he had an attorney, but the officers said, "that doesn't matter either."
> 5.  Leonel later called me from jail in Santa Ana. He said that it was a small space, and he heard people there were being taken to San Diego or Texas. Then he had to hang up.

___

[1] The court notes that at the hearing, Petitioner's counsel represented that on the evening of June 17, 2025, Petitioner filed an appeal of the IJ's decision regarding asylum.

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:25-cv-05376-FWS-AGR                             Date: June 18, 2025
Title: Leonel Navarrete Hernandez v. Todd Lyons *et al.*
_____

(Flores Decl. ¶¶ 1, 3-5.)

On Friday, June 13, 2025, the day the Application was filed, the court directed the government to file a response to the Application by Monday, June 16, 2025, at 3:00 p.m., Petitioner to file any reply in support of the Application by noon on Tuesday, June 17, 2025, and set an in-person hearing on the Application for Wednesday, June 18, 2025, at 10:00 a.m. (Dkt. 8.)

On Saturday, June 14, 2025, Petitioner filed a Renewed *Ex Parte* Application for Temporary Restraining Order as to Stay of Removal. (Dkt. 9 ("Limited Stay TRO Application").) In the Limited Stay TRO Application, Petitioner submitted evidence that he had been transferred from an ICE facility in Santa Ana, California to an ICE facility in El Paso, Texas.[2] (*See* Dkt. 9-2 ¶ 13 ("At 7:30 AM PT on June 14, 2025, the ICE Online Detainee Locator website contained new information stating that Petitioner's location was: 'TX 79934'. El Paso, Texas is within the 79934 zip code."); *id.* ¶ 14 ("At 12:10 PM, on June 14, 2025, I spoke with AUSA Randy Hsieh who confirmed that Petitioner has been moved to El Paso, Texas for 'processing.'"). Petitioner stated that "Counsel [was] concerned about the significant risk of removal because of the unusual facts in Petitioner's case which were the basis for the IJ's decision to grant Petitioner Withholding of Removal under the Convention Against Torture after finding that it is likely Petitioner would be imprisoned and tortured in El Salvador," including "an Interpol Red Notice issued at the request of the Government of El Salvador and multiple baseless arrest warrants issued by Salvadoran authorities," and the fact that "ICE has been aware of the Interpol Red Notice throughout the duration of Petitioner's removal proceedings including over the past two and one half years that he has been out on bond." (Stay of Removal TRO Application at 2-3.) In light of these new facts, Petitioner submitted the Limited Stay TRO Application "solely for the purpose of enjoining Respondents from removing

_____

[2] Officer Jimenez declares that "[d]ue to the protests and civil unrest in downtown Los Angeles California, ERO transported Petitioner to El Paso, Texas for processing and housing." (Jimenez Decl. ¶ 10.)

_____

**CIVIL MINUTES – GENERAL**                                                                 4

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:25-cv-05376-FWS-AGR | Date: June 18, 2025 |
| Title: Leonel Navarrete Hernandez v. Todd Lyons *et al.* | |

Petitioner from the United States until the Court conducts the scheduled hearing on Wednesday, June 18, 2025." (*Id.* at 3.)

On Sunday, June 15, 2025, Petitioner submitted a Supplemental Exhibit in Support of the Limited Stay TRO Application, specifically a Declaration of Jean E. Reisz, one of the attorneys representing Petitioner. (Dkt. 10 ("Reisz Declaration")). In the Reisz Declaration, Reisz represented the following:

> 2. At 9:56 PM on June 15, 2025 I spoke with Petitioner's partner Evelyn Marcela Palacios Flores. She told me that Leonel (Petitioner) called her at around 1:30 PM on June 15th and said he was in El Paso, Texas. He told her he was in a detention facility for deporting people.
> 3. He said he was taken from Los Angeles to Phoenix, then Colorado, then Texas. He was on a plane for ten hours before arriving in Texas because the plane had broken down.
> 4. He told her that officers at the El Paso detention facility told the detainees in El Paso something like "it didn't matter if they signed, they were going to be taken out of the country."
> 5. Petitioner told Marcela that it was hard for him to call anyone because he is only allowed three minutes on the phone. He told her that he may not be able to speak to her again.
> 6. He told her to say goodbye to his children for him.

(Reisz Declaration ¶¶ 2-6.)

The court granted the Limited Stay TRO Application on Monday, June 16, 2025, at 11:00 a.m., stating, "the government is **ORDERED** not to remove Petitioner Leonel Navarrete Hernandez (A-Number 240083881). This Order shall remain in effect until **June 20, 2025, at 5:00 p.m. Pacific Standard Time**, or until the court issues an order regarding the [] Application (Dkt. 4), whichever is earlier." (Dkt. 11 at 8.)

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:25-cv-05376-FWS-AGR | Date: June 18, 2025 |
| Title: Leonel Navarrete Hernandez v. Todd Lyons *et al.* | |

## II.     Legal Standard

A temporary restraining order ("TRO") may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  The analysis for granting a TRO is "substantially identical" to that for a preliminary injunction.  *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  Either "is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief."  *See Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 916 F.3d 749, 754 (9th Cir. 2019) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

A plaintiff seeking a TRO must demonstrate (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) that "the balance of equities tips in [their] favor"; and (4) that "an injunction is in the public interest."  *Id.* (quoting *Winter*, 555 U.S. at 20).  Courts in the Ninth Circuit "also employ an alternative serious questions standard, also known as the sliding scale variant of the *Winter* standard."  *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified).  Under that approach, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

A party seeking preliminary injunctive relief must make a "certain threshold showing" on "each [*Winter*] factor."  *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011).  "The most important among these factors is the likelihood of success on the merits."  *Junior Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1115 (9th Cir. 2023).  "This is especially true for constitutional claims, as the remaining *Winter* factors typically favor enjoining laws thought to be unconstitutional."  *Id.*

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:25-cv-05376-FWS-AGR　　　　　　　　　　　　　Date: June 18, 2025
Title: Leonel Navarrete Hernandez v. Todd Lyons *et al.*
_____

## III.   Analysis

The court considers Petitioner's showing regarding (1) likelihood of success on the merits, (2) irreparable harm, and (3) balance of the equities and the public interest. *See Winter*, 555 U.S. at 20.

### A.   Likelihood of Success on the Merits

As stated, Petitioner asserts claims for violation of his rights under the Fourth Amendment and the Fifth Amendment to the United States Constitution, and under the APA. (Pet. ¶¶ 19-30.)  In the Application, Petitioner "moves the Court for emergency relief in the form of a temporary restraining order [1] directing Respondents to immediately release Petitioner from their custody and [2] enjoining the Respondents from removing Petitioner from the United States or relocating Petitioner outside of the Central District of California pending further Order of the Court."  (Notice of App. at 2.)  The court considers Petitioner's showing regarding a likelihood of success on the merits of his claims with respect to each requested order.

#### 1.   Removal

Regarding Petitioner's request that the court enjoin Respondents from removing Petitioner from the United States, the court finds that the record before the court is sufficient to show at this stage of the proceedings that Petitioner is likely to succeed on the merits of his claims asserting that his removal from the United States would be unlawful. *See Winter*, 555 U.S. at 20.  As the government repeatedly concedes, Petitioner is not subject to a final removal order.  (Opp. at 1 ("[N]o final order of removal has been issued . . . ."); *id.* at 4 ("[T]here is no final removal order . . . ."); *id.* at 5 ("As stated, he is not subject to a final removal order . . . ."); *id.* at 6 ("Here, with respect to the removal claim, Petitioner is not currently subject to removal, as there is no final removal order.").)  Indeed, an IJ has determined that Petitioner is entitled to withholding of removal under the CAT.  (IJ Decision at 8-13.)  Under these circumstances, the court concludes Petitioner is likely to succeed on his claims challenging the lawfulness of his removal from the United States. *See Noem v. Garcia*, 145 S. Ct. 1017, 1018 (2025) ("The

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:25-cv-05376-FWS-AGR | Date: June 18, 2025 |
| Title: Leonel Navarrete Hernandez v. Todd Lyons *et al.* | |

United States acknowledges that Abrego Garcia was subject to a withholding order forbidding his removal to El Salvador, and that the removal to El Salvador was therefore illegal.").

In Opposition, the government argues "no final order of removal has been issued; therefore, Respondents respectfully submit that the enjoinment request is not ripe." (Opp. at 1.) The court is not persuaded. Ripeness's "basic rationale is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbridge Agr. Prods. Co.*, 473 U.S. 568, 580 (1985) (citation omitted). As such, "[r]ipeness is peculiarly a question of timing." *Id.* (cleaned up). Contrary to Respondents' argument, the court finds that Petitioner has adequately demonstrated that Petitioner is likely to show that now is an appropriate time to resolve the parties' disagreement. *Id*. The evidence before the court indicates that the government is taking sufficient practical steps to remove Petitioner from the United States such that the parties' disagreement is not "abstract." *Id.*; *see Sandoval-Vela v. Napolitano*, 2010 WL 364221, at *6 (S.D. Cal. Jan. 26, 2010) ("The Court is not persuaded by Respondents' argument that the case is moot because the Court cannot provide Petitioner with any effective relief. On the contrary, the Ninth Circuit has recently held that a petitioner does not have to wait until his removal proceedings are completed and a final removal order is issued before he can secure habeas review of his citizenship claim and of his contention that he may not be detained under the INA.") (quotation omitted); *see also Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) (rejecting government assertion that due process claim was not ripe because the petitioner was not in detention because "the government has refused to provide any assurance that Ortega will not be re-arrested" and "[t]he response to the habeas petition lays out the government's view that the DHS has unreviewable discretionary authority to re-arrest Ortega in the event of material changed circumstances, along with its view that material changed circumstances already exist") (citation modified); (Reply at 3 ("[U]pon information and belief, Respondents are detaining Petitioner at the El Paso Removal Coordination Unit ('RCU') which is a 'staging center'" that "coordinates removal operations from the United States. The foregoing evidence establishes that Petitioner is at a significant risk of removal to El Salvador or a third country.") (citation omitted)).

___

**CIVIL MINUTES – GENERAL** 8

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:25-cv-05376-FWS-AGR | Date: June 18, 2025 |
| Title: Leonel Navarrete Hernandez v. Todd Lyons *et al.* | |

### 2. Release

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const., amend. IV. In this case, Petitioner alleges that his "arrest by Respondents was unreasonable and constitutes a violation of the Fourth Amendment" because "Petitioner was complying with the conditions of his bond in reporting to the ISAP office, he did not present as a flight risk or a danger." (Pet. ¶ 21.) The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const., amend. V. In this case, Petitioner alleges that "Respondents' act of re-detaining Petitioner without notice and without a hearing after he posted bond and has demonstrated for two years that he is not a flight risk or danger to the community violates his right to due process." (Pet. ¶ 26.) The APA provides that a "reviewing court shall . . . hold unlawful and set aside agency action . . . found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In this case, Petitioner alleges that "Petitioner's arrest and detention is arbitrary, capricious, an abuse of discretion, violative of the Constitution, and without statutory authority in the violation of 5 U.S.C. § 706(2)." (Pet. ¶ 30.)

The court finds the record sufficiently demonstrates that Petitioner is likely to succeed on the merits of his claims asserting that his detention was unlawful or at least that there are "serious questions going to the merits." *All. for the Wild Rockies*, 632 F.3d at 1132; *see Winter*, 555 U.S. at 20; *cf. Vargas v. Jennings*, 2020 WL 5074312, at *3 (N.D. Cal. Aug. 23, 2020) ("[T]he court finds that petitioner has raised serious questions on the merits of his claim that he is entitled to a pre-deprivation hearing before an immigration judge if he is re-arrested."). An IJ determined over two years ago that Petitioner should be released on bond, and Petitioner has complied with the conditions of that bond since that time. (*See* Jimenez Decl. ¶¶ 7-8.) Indeed, Petitioner was detained while attending a regular ISAP check-in with federal authorities. (Pet. ¶ 5; Flores Decl. ¶ 2.)

The government argues Petitioner is not likely to succeed on his unlawful detention claims because Petitioner was lawfully detained under 8 U.S.C. § 1226(b). (*See* Opp. at 1, 4; Jimenez Decl. ¶ 10 ("On June 12, 2025, ERO took Petitioner into custody pursuant to INA

___

___

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:25-cv-05376-FWS-AGR | Date: June 18, 2025 |
| Title: Leonel Navarrete Hernandez v. Todd Lyons *et al.* | |

§ 236(b).").)  That statute provides that "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien."  8 U.S.C. § 1226(b).  However, as the government acknowledges, "notwithstanding the breadth of this statutory language, the Board of Immigration Appeals ('BIA') has recognized an important implicit limitation on DHS's authority."  *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018); (*see* Opp. at 4).  Specifically, "[t]he BIA has held that 'where a previous bond determination has been made by an immigration judge, no change should be made by a District Director absent a change of circumstance.'"  *Saravia*, 280 F. Supp. 3d at 1197 (quoting *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981); (Opp. at 4).

      The government argues that the IJ Decision determining that Petitioner was not eligible for asylum or withholding of removal, but was eligible for CAT relief, constitutes a changed circumstance warranting Petitioner's detention.  (Opp. at 4.)  The court is not persuaded; a mixed ruling from an IJ that does not afford a petitioner permanent relief from removal is not the sort of changed circumstance that courts generally find sufficient to justify rearrest.  *See e.g., Matter of Sugay*, 17 I. & N. Dec. at 638-40 (finding sufficient changed circumstances existed with criminal convictions and IJ denial of relief making risk of flight "far greater" than at the time of his original bond determination); *United States v. Cisneros*, 2021 WL 5908407, at *4 (N.D. Cal. Dec. 14, 2021) ("The government rightly points out being arrested for a gang-related assault is a change of circumstances showing danger to the community."); *Bermudez Paiz v. Decker*, 2018 WL 6928794, at *16 (S.D.N.Y. Dec. 27, 2018) (noting that a conviction for violation of the state penal law would constitute a changed circumstance).

      The government also argues that Petitioner fails to show a likelihood of success on the merits of his claim that he was re-detained without sufficient process with reference to a test from *Mathews v. Eldridge*, 424 U.S. 319 (1976) under which courts determine what procedural protections due process requires by balancing three factors: "(1) the private interest affected; (2) the risk of erroneous deprivation through the procedures used, and the value of additional safeguards; and (3) the government's interest, including the burdens of additional procedural requirements."  *Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015) (citing *Mathews*, 424

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:25-cv-05376-FWS-AGR | Date: June 18, 2025 |
| Title: Leonel Navarrete Hernandez v. Todd Lyons *et al.* | |

U.S. at 335).  As to the second factor[3], the government argues "the risk of erroneous deprivation is low, given that Petitioner can request a bond hearing."  (Opp. at 4.)  This argument misses the point.  The court has found that Petitioner is likely to succeed in showing that his re-detention was unlawful under the circumstances here; the notion that Petitioner could request a subsequent bond hearing does not sufficiently address the lawfulness of Petitioner's re-detention in the first place.  (*See* Reply at 5 ("[T]he potential for a bond hearing before an IJ does not remedy the daily and ongoing violation of Petitioner's constitutional rights under the Fourth Amendment and Fifth Amendment's Due Process Clause.").)

"With respect to the third element," the government argues "it is in the government's interest to detain Petitioner, at least until the outcome of the bond hearing, given the serious criminal allegations against him in El Salvador."  (Opp. at 4-5.)  But the government ignores the fact that the IJ determined it was likely that "the documents the government issued against [Petitioner] are falsified."  (IJ Decision at 10; *see id.* at 11 ("Further, the government of El Salvador expressed continued interest in Respondent throughout the years through its issuances of seven falsified arrest warrants and an international Interpol Red Notice.").)  Indeed, "El Salvador issued all the documents after Respondent left El Salvador and none of the documents allege that Respondent committed any crimes before 2009, when he was present in El Salvador."  (*Id.*)  Moreover, Petitioner's "expert witness Doctor Thomas Boerman, Ph.D. (Dr.

___

[3] As to the first factor, which the government does not address, Petitioner's "private liberty interest in being free from detention is undoubtedly substantial."  *Cabrera Espinoza v. Becerra*, 720 F. Supp. 3d 776, 779 (N.D. Cal. 2024); *see Ortega*, 415 F. Supp. 3d at 970 (finding that petitioner had "a substantial private interest in remaining on bond" because he was "living with his wife, spending time with his mother and other family members, working as a bicycle mechanic, and developing friendships in his community"); *Jorge M.F. v. Wilkinson*, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (finding the petitioner had "a substantial private interest in remaining on bond" where he was "living with his wife and children, working as a driller, and spending recreational time with his family") (quotation omitted).  Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Fifth Amendment's Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:25-cv-05376-FWS-AGR | Date: June 18, 2025 |
| Title: Leonel Navarrete Hernandez v. Todd Lyons *et al.* | |

Boerman) who testified regarding conditions in El Salvador," "corroborated that the documents are falsified because he testified that El Salvador has issued falsified Interpol Red Notices and arrest warrants in the past." (*Id.* at 2, 5.) The court is therefore not persuaded by the government's reliance on the Interpol Red Notice or the arrest warrants.

In summary, the court concludes Petitioner has adequately demonstrated that he is likely to succeed on the merits of his claims, or at least that there are "serious questions going to the merits." *All. for the Wild Rockies*, 632 F.3d at 1132; *see* Winter, 555 U.S. at 20.

**B.      Irreparable Harm**

Second, the court finds Petitioner presents a very strong showing at this stage of the proceedings that Petitioner is likely to suffer irreparable harm in the absence of preliminary relief. *Winter*, 555 U.S. at 20; (*see, e.g.*, IJ Decision at 12 ("In light of Respondent's credible testimony and persuasive evidence that he faces a particularized risk of torture, the Court finds that Respondent met his burden of demonstrating that he is more likely than not to be tortured in El Salvador.")).

First, it "is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (citation modified); *Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005) (explaining that a party seeking preliminary injunctive relief for violation of a constitutional right can establish irreparable injury sufficient to merit the grant of relief by demonstrating the existence of a colorable constitutional claim); *see Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("[I]njuries to constitutional rights are considered irreparable for even minimal periods of time.") (citation modified); *Goldie's Bookstore, Inc. v. Superior Ct. of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) ("An alleged constitutional infringement will often alone constitute irreparable harm."); Wright and Miller, 11A Fed. Prac. & Proc. Civ. § 2948.1 (3d ed. 2019) ("When an alleged deprivation of a constitutional right is involved . . . most courts hold that no further showing of irreparable injury is necessary."); *Junior Sports Mags.*, 80 F.4th at 1120 (explaining that when a party shows a likelihood of success on the merits of a constitutional claim, "the remaining *Winter* factors favor enjoining the likely unconstitutional law"). "If a plaintiff bringing [a

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:25-cv-05376-FWS-AGR | Date: June 18, 2025 |
| Title: Leonel Navarrete Hernandez v. Todd Lyons *et al.* | |

constitutional] claim shows he is likely to prevail on the merits, that showing will almost always demonstrate he is suffering irreparable harm as well." *Baird*, 81 F.4th at 1042.

Second, Petitioner's detention causes irreparable harm by separating him from his family. He has been separated from them not only through his detention but also through his transfer to El Paso. This is sufficient to show irreparable harm. *See Jorge M. F. v. Wilkinson*, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (finding irreparable harm based on both the irreparable harms "imposed on anyone subject to immigration detention" and the severe economic hardship and psychological harm that the detainee's family would face) (citation modified).)

Third, Petitioner would undoubtedly suffer irreparable harm if he were removed, and Petitioner has been transferred to a location that indicates the government is preparing to remove him to a country in which an IJ has determined that he is more likely than not to be detained and tortured an IJ has determined that Petitioner is more likely than not to be detained and tortured in El Salvador if removed there. (*See* Reply at 3; IJ Decision at 8-13.) "Obviously, 'the risk of torture, beatings, and even death clearly and unequivocally supports a finding of irreparable harm.'" *Abrego Garcia v. Noem*, 2025 WL 1014261, at *11 (D. Md. Apr. 6, 2025) (citing IJ's finding "that returning him to El Salvador *at all* would likely subject him to persecution at the hands of Barrio 18, to include the risk of death"), *aff'd in relevant part sub nom. Noem*, 145 S. Ct. at 1018 (Apr. 10, 2025) (*per curiam*) (quoting *J.G.G.*, ─── F.Supp.3d at ───, 2025 WL 890401, at *16 (citing *United States v. Iowa*, 126 F.4th 1334, 1352 (8th Cir. 2025) (torture); *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (physical abuse))).

The court concludes Petitioner has made a very strong showing regarding irreparable harm.

  C. **Balance of the Equities and Public Interest**

Third, the court finds that Petitioner has adequately demonstrated that the hardship balance "tips sharply" in his favor and the public interest weighs in his favor at this stage. *All.*

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:25-cv-05376-FWS-AGR                                                         Date: June 18, 2025
Title: Leonel Navarrete Hernandez v. Todd Lyons *et al.*

___

for the Wild Rockies, 632 F.3d at 1132; *see California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("When the government is a party, the last two factors merge."). "A plaintiff's likelihood of success on the merits of a constitutional claim also tips the merged third and fourth factors decisively in his favor." *Baird*, 81 F.4th at 1040. And "[i]t is always in the public interest to prevent the violation of a party's constitutional rights." *Cal. Chamber of Commerce v. Council for Educ. and Research on Toxics*, 29 F.4th 468, 482 (9th Cir. 2022) (citation modified). Indeed, "public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005); *Junior Sports Mags.*, 80 F.4th at 1120 (explaining that when a party shows a likelihood of success on the merits of a constitutional claim, "the remaining *Winter* factors favor enjoining the likely unconstitutional law").

On the one hand, Petitioner faces a violation of his right to be protected from unreasonable seizures, a violation of his right to due process of law, and "the harms of immigration detention." *Jorge M. F.*, 2021 WL 783561, at *3. "On the other hand, any impact on Respondents[] is minimal, especially considering that an IJ already has found as a factual matter that [Petitioner] poses no risk of danger or flight." *Id.* (quoting *Meza v. Bonnar*, 2018 WL 2151877, at *3 (N.D. Cal. May 10, 2018)); *see also Vargas*, 2020 WL 5074312, at *4 ("By contrast, any impact on respondents would be minimal. The IJ previously found as a factual matter that petitioner did not pose a risk of danger or flight that could not be mitigated by a sufficient bond."). "In addition, the public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Jorge M. F.*, 2021 WL 783561, at *3 (citation modified); *Vargas*, 2020 WL 5074312, at *4 (similar). "Given the low risk that [Petitioner] would cause harm to others or flee, in light of his strong family ties, financial responsibilities and work commitments, such government expenditure in this case would not greatly serve the interests of the general public." *Jorge M. F.*, 2021 WL 783561, at *3 (quotation omitted); *Vargas*, 2020 WL 5074312, at *4 (similar). "Finally, the Court notes that if it reaches a contrary conclusion to the one it reaches today after briefing and hearing, the only harm to Respondents[] is that Petitioner[]'s detention may have been delayed for a brief period." *Id.* "Under these circumstances, the balance of hardships tips sharply in [P]etitioner's favor." *Vargas*, 2020 WL 5074312, at *4.

___

**CIVIL MINUTES – GENERAL**                                                                                    14

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:25-cv-05376-FWS-AGR | Date: June 18, 2025 |
| Title: Leonel Navarrete Hernandez v. Todd Lyons *et al.* | |

The government argues that "[t]he public interest weighs in favor of denying the Application because Petitioner is the subject of an Interpol Red Notice and is wanted in connection of many serious crimes committed in his home country of El Salvador." (Opp. at 6; *see* Jimenez Decl. ¶ 5, Ex. A.) But as discussed, the IJ Determined that the Interpol Red Notice are likely "falsified." (IJ Decision at 10, 11.) What is more, the IJ determined the Interpol Red Notice and arrest warrants "demonstrate that [Petitioner] is 'subject to a particularized threat of torture.'" (*Id.* at 11.) Accordingly, contrary to the government's argument, the court finds the Interpol Red Notice and arrest warrants weigh in Petitioner's favor in balancing the equities, not the government's.

In summary, the court finds Petitioner has made a sufficient showing on all of the *Winter* factors to be entitled to relief.

IV. **Disposition**

For the foregoing reasons, the Application is **GRANTED**.

Accordingly, Respondents are **ORDERED** not to remove Petitioner Leonel Navarrete Hernandez (A-Number 240083881) from the United States without a final order of removal.

Respondents are further **ORDERED** to transfer Petitioner Leonel Navarrete Hernandez (A-Number 240083881) back to the Central District of California and release him from custody on or before **June 20, 2025, at 1:00 p.m. Pacific Standard Time**. Petitioner shall be released on the original bond under the terms and conditions existing as if Petitioner had not been detained.

Finally, Respondents are **ORDERED** to show cause on **Thursday, July 10, 2025, at 10:00 a.m. in Courtroom 10D** why they should not be restrained and enjoined pending trial of this action from removing Petitioner from the United States without a final order of removal, and why they should not be restrained and enjoined pending trial of this action from re-detaining Petitioner absent further changed circumstances or a pre-deprivation hearing.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:25-cv-05376-FWS-AGR | Date: June 18, 2025 |
| Title: Leonel Navarrete Hernandez v. Todd Lyons *et al.* | |

Respondents shall file a response to this Order to Show Cause on or before **June 26, 2025**. Petitioner may file a reply no later than **July 3, 2025**. The above dates may be revised upon stipulation and with court approval.

_____